IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3030-FL

| | | |
|---|---|---|
| ALFRED LOUIS LOGAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MEDICAL STAFF at CENTRAL PRISON, NAKISHA FAUST, and WARDEN PERRY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on motion for summary judgment brought by defendants Nakisha Faust ("Faust") and Warden Perry ("Perry") (collectively, "defendants") (DE 73). Plaintiff did not respond to the motion and in this posture the issues raised are ripe for ruling.

**COURT'S DISCUSSION**

A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita

Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [the record] must be viewed in the light most favorable to the party opposing the motion.").

But "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (cleaned up). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B. Analysis

Defendants have satisfied their burden of identifying portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. As shown in defendants' supporting memorandum and established by declarations from defendant Faust, defendant Perry, and non-party Herachio Haywood, the Central Regional Director of Institutions for the North Carolina Department of Adult Correction, defendants were not involved in the decision to transfer plaintiff from Central Prison to high-security maximum control ("HCON") status at Granville Correctional Institution immediately following plaintiff's participation in the stabbing death of another inmate on September 9, 2022. (Defs' App. Ex. 13 (DE 76-13) at 2; 14 (DE 76-14) at 2; 15 (DE 76-15) at 2). As a result, defendants cannot be held personal liability under 28 U.S.C. § 1983 for plaintiff's alleged transfer "to HCON without any procedural safeguards." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.); (Amend. Compl. (DE 42) at 5).

Because plaintiff failed to respond to defendant's summary judgment motion, and his complaint is not verified, he cannot carry his burden of showing a genuine dispute of fact. Fed. R. Civ. P. 56(e)(3); see also Matsushita Elec., 475 U.S. at 586–87. Thus, plaintiff has not established a triable issue of fact and defendants are entitled to judgment as a matter of law. See Anderson, 477 U.S. at 247–48.

Finally, plaintiff was previously warned that he must identify the unnamed medical staff defendants, or they would be dismissed. (May 31, 2024, Order (DE 46) at 6). While plaintiff

had the opportunity to identify these defendants through discovery, he failed to do so prior to discovery's close on July 25, 2025. Therefore, these defendants are dismissed without prejudice. Attkisson v. Holder, 925 F.3d 606, 628 (4th Cir. 2019).

CONCLUSION

Based on the foregoing, defendants Faust and Perry's motion for summary judgment (DE 24) is GRANTED. Additionally, because plaintiff has failed to identify the unnamed Medical Staff at Central Prison defendants, these defendants are dismissed without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge